IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANNON MCCULLOUGH, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Cause No. 4:16-cv-00237 |
| | § | |
| AUSTIN TOWING SERVICE, | § | |
| INCORPORATED d/b/a | § | |
| ARMADA TOWING and | § | A Jury is Demanded |
| HOUSTON ARMADA, INC. | § | |
| d/b/a ARMADA TOWING, | § | |
| | | |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Shannon McCullough, plaintiff, brings this action under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq* (1994 ed. and Supp. III)("FLSA"). This is an individual action to recover unpaid overtime compensation, minimum wages, liquidated damages, and attorney's fees and costs owed to Plaintiff by Defendant.

### PARTIES

1.  Plaintiff, Shannon McCullough, was an "employee" of Defendants, as that term is defined by the FLSA. During his employment with the Defendants, the Plaintiff was an individual directly engaged in interstate commerce, and his work was essential to Defendant's business. Plaintiff resides in Harris County, Texas.

1

2. Austin Towing Service Incorporated, d/b/a Armada Towing, is a domestic for-profit Texas Corporation engaged in the business of operating a towing and roadside assistance service in Harris County, Texas. With respect to Plaintiff, Defendant is subject to the provisions of the FLSA, as it was at all relevant times engaged in interstate commerce or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. §§203(r) and (s). The work of the Defendants involves the actual movement of selling goods and commerce and operations on the Interstate Highways.

3. Houston Armada, Inc. d/b/a Armada Towing, is a domestic for-profit Texas Corporation engaged in the business of operating a towing and roadside assistance service in Harris County, Texas. With respect to Plaintiff, Defendant is subject to the provisions of the FLSA, as it was at all relevant times engaged in interstate commerce or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. §§203(r) and (s). The work of the Defendants involves the actual movement of selling goods and commerce and operations on the Interstate Highways.

4. Defendants are either joint employers or Houston Armada, Inc. is a successor company to Austin Towing Service, Inc. Plaintiff was employed by both companies during his employment with the individuals and/or companies d/b/a as Armada Towing.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.

## FACTS SUPPORTING RELIEF

6. Defendant employed Plaintiff as a wrecker truck driver from August 1, 2013, through June 19, 2015. Plaintiff's duties included driving on the Interstate Highways to various locations as dispatched by the company, providing roadside assistance to members of AAA, including the sale of batteries and other materials, changing of tires, and providing jump-starting and other vehicle maintenance, and towing of vehicles when necessary.

7. Plaintiff was required and permitted to work from 7:00 a.m. through 7:00 p.m. Monday through Friday. Plaintiff was paid $10.00 per hour. Plaintiff was allowed a lunch break, but frequently unable to take one.

8. Plaintiff does not have a written agreement with Defendants.

9. Upon information and belief, Plaintiff was docked for days missed during the work week.

10. Plaintiff was not permitted to be out of touch during the day and was required to wait until a new dispatch if he was not working a current tow or a call for AAA.

11. Plaintiff was not permitted a specific lunch hour during the time worked.

12. Plaintiff's time sheets do not reflect all hours worked or suffered to permit to work as he was told by his supervisors that he was not permitted to record accurately all time that Plaintiff worked.

13. During some or all of the workweeks of his tenure with the Defendants, the Plaintiff worked in excess of 40 hours per week.

14. During the weeks of employment where Plaintiff worked more than 40 hours, Defendants failed to pay Plaintiff the overtime premium required by the FLSA.

15. At all times relevant to this case, the Defendants had knowledge of Plaintiff's regular and overtime work. Defendants approved Plaintiff's work and hours. Plaintiff's work benefitted Defendants.

16. Plaintiff was not paid on a salary or fee basis, and did not ever serve in the capacity of an executive, administrator, professional or outside sales representative, as those terms are understood pursuant to 29 C.F.R. §541. Plaintiff was not exempt from the protection of the FLSA.

17. The Defendants did not make a good faith effort to comply with the overtime or minimum wage provisions contained within the FLSA.

18. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

19. Defendants are liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

20. Plaintiff does not generally have access to Defendants' records and will provide additional detail after Defendants have provided records or initial disclosures have been made, if necessary.

## CAUSE OF ACTION: VIOLATION OF THE FLSA OVERTIME PROVISION

21. Plaintiff incorporates all averments of fact into this Second Cause of Action for violation of the FLSA overtime provision.

22. During one or more workweeks of Plaintiff's employment with Defendants, Plaintiff worked more than forty (40) hours.

23. The Defendants are obligated by law to pay Plaintiff at a rate of one and one-half times the regular hourly rate for each hour worked over forty (40) in any workweek.

24. Defendants did not pay Plaintiff the overtime rate for hours worked over forty (40).

25. The Defendants willfully denied Plaintiff's right to overtime compensation under the FLSA.

26. The FLSA prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.

27. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid at the proper hourly rate.

28. Plaintiff further seeks liquidated damages as Defendants' conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

29. Plaintiff also seeks compensation of recoverable expenses, costs of court, and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

30. Plaintiff has retained the law firm of Ross Law, P.C. to represent him in this suit. Plaintiff has entered into a valid contract with Ross Law, P.C. and has appointed that firm and the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned

counsel.  Plaintiff's contract with and representation by Ross Law, P.C. and the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect from Defendants pursuant to 29 U. S. C. § 216(b).

## JURY DEMAND

Plaintiff demands a trial by jury on all claims he has asserted in this Complaint.

## PRAYER FOR RELIEF

Shannon McCullough, Plaintiff, prays that the Court assume jurisdiction of this cause and that Defendants be cited to appear.  Plaintiff prays that the Court award the following relief, under law and equity, as applicable:

1. Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

2. Judgment against Defendants that their violation of the FLSA was willful;

3. Judgment against Defendants for an amount equal to the unpaid wage damages as liquidated damages;

4. If liquidated damages are not awarded, an award of pre-judgment interest;

5. Post-judgment interest at the applicable rate;

6. All costs, recoverable expenses and attorney's fees incurred in prosecuting these claims;

7. Leave to amend to add claims under applicable state laws, if necessary; and,

8. For such further relief as the Court deems just and equitable to which Plaintiff is entitled.

Respectfully submitted,

**ROSS LAW GROUP**
/s/ Thomas H. Padgett, Jr.
**THOMAS H. PADGETT, JR.**
Texas Bar No. 15405420
Fed. ID:  11554
Attorney-in-Charge
4809 Pine St.
Bellaire, Texas 77401
Ph:  800-634-8042
Ph:  512-474-7677
Fax: 512-4745306
tpadgett@rosslawgroup.com

**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
**ATTORNEYS FOR PLAINTIFF**